UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO JAQUEZ, as an individual and on behalf of all employees similarly situated,<br><br>Plaintiff,<br>v.<br><br>SITE SAFE TRAFFIC SAFETY AND SIGNS, a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:23-cv-01933-DJC-DB<br><br>ORDER |

Pending before this Court is Plaintiff Gerardo Jaquez's Motion to Remand this matter to the California Superior Court. (ECF No. 3.)

Having considered the Parties' briefings and arguments, the Court hereby GRANTS remand.

**BACKGROUND**

Plaintiff was employed by Defendant Site Safe Traffic Safety and Signs as a foreman at different job sites around California from 2018 to April 21, 2022. (First Am. Compl. (ECF No. 1 at 5–44) ¶ 11.) At all relevant times, Plaintiff's employment was subject to a Collective Bargaining Agreement ("CBA") between the Laborers International Union of North America (the "Union") and Defendant. (Not. Removal

(ECF No. 1 at 1–4) ¶¶ 5–6.) The existing CBA was extended and modified by a Memorandum of Understanding ("MOU") on March 15, 2022. (Lodel Decl., Ex. B (ECF No. 4-2 at 68–79), at 1.)

Plaintiff originally filed this matter in the Solano County Superior Court on April 21, 2023. (Mot. Remand (ECF No. 3) at 2.) While the CBA governed Plaintiff's employment at the time of the events which gave rise to these claims, Plaintiff did not bring claims alleging violations of the CBA, but rather alleged seven causes of action under the California Labor Code (the "Labor Code"): (1) violations of Labor Code §§ 204, 246, 510, 1194, 1198 (Failure to Pay All Wages and Sick Pay); (2) violations of Labor Code §§ 226.7, 512 (Failure to Provide Meal Periods); (3) violation of Labor Code § 226.7 (Failure to Provide Rest Periods); (4) violation of Labor Code § 226 (Failure to Keep Accurate Itemized Wage Statements); (5) violations of Labor Code §§ 201–203 (Failure to Pay Wages Upon Termination of Employment); (6) violation of Labor Code § 2802 (Failure to Reimburse for Necessary Expenditures); and (7) violation of Business and Professional Code § 17200 *et seq.* (Unfair Business Practices). (*Id.*)

On August 11, 2023, pursuant to a joint stipulation, Plaintiff filed a First Amended Complaint ("FAC") adding an eighth cause of action for civil penalties under the California Private Attorneys General Act of 2004 ("PAGA"). (*Id.* at 2–3.) In between Plaintiff filing the initial Complaint and the FAC, Defendant filed two answers to Plaintiff's Complaint, and the Parties began conducting class discovery, with Plaintiff serving Special Interrogatories and Requests for Production on Defendant on June 14, 2023, and Defendant serving responses to the Special Interrogatories on August 8, 2023. (*Id.*; *see also* Tunyan Decl., Ex. B (ECF No. 3-1 at 7–25); Tunyan Decl., Ex. C (ECF No. 3-1 at 26–53).)

On September 8, 2023, Defendant removed this action to federal court on the basis of federal question jurisdiction, alleging that section 301 of the Federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempts Plaintiff's newly

added PAGA claim because this claim is subject to the grievance procedures in the CBA.  (*See* Not. Removal ¶¶ 1–10.)

Plaintiff brings the present Motion to Remand arguing (1) Defendant's removal is untimely as Defendant's basis for asserting federal jurisdiction was already present in the initial Complaint; (2) Defendant waived their right to remove this action by filing two responsive pleadings and engaging in discovery in state court; and (3) the rights asserted do not arise under or rely on the interpretation of the CBA and are therefore not preempted by the LMRA.  (Mot. Remand at 1–2.)  The Court heard argument on October 26, 2023, with Lilit Tunyan appearing for Plaintiff, and Randal Barnum appearing for Defendant.

## **LEGAL STANDARD**

A defendant may remove a state court civil action to federal court so long as that case could have originally been filed in federal court based on either diversity or federal question jurisdiction.  28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Federal question jurisdiction is satisfied where the action arises under "the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Remand to the state court is proper if there are doubts as to the right of removal.  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence, *see id.* at 1106–07, and the district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]"  28 U.S.C. § 1447(c); *see also Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Additionally, 28 U.S.C. § 1446(b)(1) dictates that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  An exception is made "if the case stated by the initial pleading is not removable," in which case "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  The 30-day time limit "is mandatory and a timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).  "[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005)).  Defendants are not charged "with notice of removability until [they have] received a paper that gives them enough information to remove." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018) (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013)).  At the same time, "a defendant is required 'to apply a reasonable amount of intelligence in ascertaining removability.'" *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1129–30 (C.D. Cal. 2016) (quoting *Kuxhausen*, 707 F.3d at 1140).  "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth*, 720 F.3d at 1125.

## ANALYSIS

The Court agrees with Plaintiff that removal of this action to federal court was untimely as federal question jurisdiction was present based on the facts in the initial Complaint.  As such, the Court will grant remand on timeliness grounds, and declines to reach Plaintiff's arguments concerning waiver and preemption.

As explained above, the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. However, "there is a corollary to the well-pleaded complaint rule under the 'complete preemption' doctrine, 'applied primarily under § 301 of the LMRA.'" *Lopez v. Fox Television Animation, Inc.*, 76 F. App'x 769, 771 (9th Cir. 2003) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). Section 301(a) of the LMRA gives federal courts exclusive jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988). If a claim is preempted, section 301 "displace[s] entirely any state cause of action for 'violation of contracts between an employer and a labor organization,'" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983), such that "any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

To further the goal of uniform interpretation of labor contracts, the preemptive effect of section 301 has been extended beyond suits that allege the violation of a collective bargaining agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985) ("The interests in interpretive uniformity and predictability that require that labor-contract disputes be resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation."). The Ninth Circuit has articulated a two-part test to determine whether a cause of action is preempted by the LMRA. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by

virtue of state law, not by a CBA." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the right exists solely as a result of the collective bargaining agreement, then the claim is preempted, and the analysis ends there. *Id.* (first citing *Lueck*, 471 U.S. at 212; and then citing *Caterpillar*, 482 U.S. at 394). "If, however, the right exists independently of the CBA, [the court] must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.' If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id.* at 1059–60 (first citing *Caterpillar*, 482 U.S. at 394 (citation omitted); and then citing *Lueck*, 471 U.S. at 213).

Because all of Plaintiff's claims allege violations of California law and not a breach of the CBA, the Court must determine whether any of the rights asserted by Plaintiff meet the *Burnside* test such that removal is proper. In determining whether the claims are preempted, the Court may look beyond the pleadings, and in this instance, will refer to the documents included in the Defendant's Notice of Removal and Opposition, including the relevant CBA and MOU. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22, 2003).

Defendant argues that Plaintiff's right to a PAGA remedy, which was raised for the first time in the FAC, is preempted because there is a provision in the CBA which requires all disputes under PAGA to be resolved by the CBA's grievance and arbitration procedures as set forth in Section 9 of the CBA. (*See* Opp'n Remand (ECF No. 4) at 5–6.) Thus, Defendant contends Plaintiff's right to pursue a PAGA claim arises solely under the CBA by way of the grievance procedures. (*Id.*) Specifically, Defendant points to paragraphs 21–23 of the MOU, and page 19 of the CBA. (*Id.*) The relevant language dictates that:

> In addition to Contractual Disputes that may be brought by the Union as described above, all employee disputes concerning violations of, or arising under Wage Order 16 (except as noted immediately preceding paragraph), the California Labor Code Sections identified in California Labor Code Section 2699.5 as amended, the California Private Attorney General Act (Labor Code Section 2698, et. Seq.),

> and federal, state, and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act (hereinafter "Statutory Dispute" or "Statutory Disputes") shall be subject to and must be processed by the employee pursuant to the procedures set forth in Section 9 as the sole and exclusive remedy.

(Lodel Decl., Ex. A (ECF No. 4-2), at 19; *see also* Lodel Decl., Ex. B, at 5.) Further, the CBA states that PAGA "claims shall be resolved exclusively through the procedures set forth in Section 9 and shall not be brought in a court of law or before any administrative agency such as the California Labor Commissioner." (Lodel Decl., Ex. A, at 19; Lodel Decl., Ex. B, at 5.)

Plaintiff counters that Defendant's removal was untimely because, under this theory, Plaintiff's right to pursue most of the Labor Code claims asserted in Plaintiff's initial complaint would have also arisen solely under the CBA, thereby creating federal jurisdiction. (Mot. Remand at 5.) The FAC does not allege any additional facts, it only adds a PAGA cause of action which seeks civil penalties for the Labor Code violations alleged in the initial Complaint. (*Id.*)

Defendant argues in opposition that the PAGA claim is distinct from Plaintiff's Labor Code claims, and that it was the inclusion of the PAGA cause of action that raised the issue of removability for the first time because the grievance procedure in the CBA was not clearly applicable to Plaintiff's Labor Code claims. (Opp'n Remand at 5–6 (first citing *Wilson-Davis v. SSP Am., Inc.*, 434 F. Supp. 3d 806, 817 (C.D. Cal. 2020); and then citing *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 964 (C.D. Cal. 2014)).)

"The existence of an arbitration clause in a CBA does not necessarily implicate § 301 preemption." *Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1246 (C.D. Cal. 2010). In order for the arbitration provision to preempt claims under the LMRA, the provision must "clearly and unmistakably" waive plaintiff's statutory right to a judicial forum to pursue those claims. *Munoz v. Atl. Express of L.A., Inc.*, No. 12-CV-6074-GHK-FMOX, 2012 WL 5349408, at *4 (C.D. Cal. Oct. 30, 2012); *see also Wright v.*

*Universal Mar. Serv. Corp.*, 525 U.S. 70, 80–81 (1998) (holding that waiver of an individual's right to pursue their claims in a judicial forum under a collective bargaining agreement must be explicit in order to implicate preemption).

Where there is no clear waiver, but the defendant asserts that the court must interpret the agreement to determine whether the grievance and/or arbitration provision should nonetheless apply to plaintiff's claims, the claims are not preempted under section 301 because a defense cannot serve as the basis for federal jurisdiction. *See Dall v. Albertson's, Inc.*, 234 F. App'x 446, 449 (9th Cir. 2007); *Angeles v. Kik Int'l LLC*, No. 2:22-CV-07342-SB-AFM, 2022 WL 17547781, at *4 (C.D. Cal. Dec. 9, 2022). The admittedly fine distinction is that where the grievance and/or arbitration provision is clear and unmistakable, that grievance and/or arbitration procedure becomes the sole method by which a plaintiff may pursue their legal remedies, and the plaintiff's rights to a remedy necessarily arise out of the collective bargaining agreement.  On the other hand, where the defendant looks to a vague or unclear bargaining agreement in mounting their defense, it is the defendant inserting a federal question. *See Meyer*, 723 F. Supp. 2d at 1247 (where it was not clear that plaintiff's claims were subject to binding arbitration there was no section 301 preemption); *Dall*, 234 F. App'x at 448–49 (rejecting employer's argument that claims were preempted because they were "substantially dependent on interpreting the Settlement Agreement to determine if the release provisions apply to [employees'] individual claims" because the agreement was "only relevant to Appellees' asserted defenses of waiver, release, and duty to arbitrate").

Defendant contends there has been a clear and unmistakable waiver of Plaintiff's right to a judicial forum for his PAGA claim under the CBA.  (Opp'n Remand at 5–6.)  Specifically, Defendant argues that the PAGA claim is preempted because "the parties to the CBA agreed that all employee disputes concerning alleged PAGA violations 'shall be subject to and must be processed by the employee pursuant to' the grievance and arbitration procedures set forth in Section 9." (*Id.* at 9.)  The Court

agrees with Plaintiff, however, that if "Defendant argues the PAGA waiver language in the CBA triggered the removal, the same language should have triggered removal when Plaintiff filed his initial complaint" because the CBA grievance procedure references the Labor Code claims brought in Plaintiff's initial Complaint and applies the same or similar waiver language for those claims as for the PAGA claims.  (Reply Remand (ECF No. 5) at 1.)

Specifically, the CBA grievance provision applies to "all employee disputes concerning violations of, or arising under Wage Order 16 . . . the California Labor Code Sections identified in California Labor Code Section 2699.5 as amended, the California Private Attorney General Act (Labor Code Section 2698, et. Seq.), and federal, state, and local law concerning wage-hour requirements, wage payment and meal or rest periods . . . ." (Lodel Decl., Ex. A, at 19.)  While courts have held that a grievance and/or arbitration provision does not lead to federal preemption unless it directly references the relevant statutes at issue, *see Johnson v. S.F. Health Care and Rehab Inc.*, No. 22-CV-01982-JSC, 2022 WL 2789809, at *5 n.4 (N.D. Cal. July 15, 2022), the CBA provision here references "the California Labor Code Sections identified in California Labor Code Section 2699.5."  Section 2699.5 lists almost all of the Labor Code sections cited in the initial Complaint, including: (1) sections 204, 510, 1194, 1198 (Failure to Pay All Wages and Sick Pay); (2) sections 226.7, 512 (Failure to Provide Meal Periods); (3) section 226.7 (Failure to Provide Rest Periods); (4) section 226 (Failure to Keep Accurate Itemized Wage Statements); (5) sections 201–203 (Failure to Pay Wages Upon Termination of Employment); and (6) section 2802 (Failure to Reimburse for Necessary Expenditures).  (Mot. Remand at 2;) *see* Cal. Lab. Code § 2699.5; *cf. Wright*, 525 U.S. at 80–81 (concluding that a collective bargaining agreement that purported to "cover all matters affecting wages, hours, and other terms and conditions of employment" did not contain a clear and unmistakable waiver of the covered employees' rights to a judicial forum to assert discrimination claims under the Americans with Disabilities Act).  Further, Defendant conceded at the

hearing that Plaintiff's Labor Code claims are subject to the grievance provision in the CBA.  Given this, the Court agrees with Plaintiff that Defendant's reasoning concerning preemption of Plaintiff's PAGA claim also extends to Plaintiff's Labor Code claims.  *See Olea v. Teichert Pipelines, Inc.*, No. 2:21-CV-01675-RGK-PD, 2021 WL 1839683, at *4–5 (C.D. Cal. May 7, 2021) (holding a collective bargaining agreement's arbitration provision clearly and unmistakably waived plaintiff's right to a judicial forum for his statutory claims when it referenced claims arising under "the California Labor Code Sections identified in California Labor Code section 2699.5," reasoning that while arbitration provisions are generally not clear when they "do not reference any statute at all or attempt to provide a blanket waiver to all federal and state causes of action," the provision at-issue was clear because it identified a statute, section 2699.5, and specifically stated the waiver applied to the Labor Code sections within that statute).[1]

Defendant argued at the hearing that preemption of the Labor Code claims was not clear on the face of the initial Complaint because California law is adverse to enforcement of arbitration agreements encompassing statutory wage and hour rights, citing *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 8 Cal. App. 5th 236

---

[1] The Court notes that at least one court has disagreed with the holding in *Olea*.  *See Bartlett v. All Am. Asphalt*, No. EDCV 20-1449-JGB-KKx, 2020 WL 6118818, at *8 (C.D. Cal. Oct. 16, 2020) (finding a collective bargaining agreement's arbitration provision did not clearly and unmistakably waive plaintiff's right to a judicial forum for his Labor Code claims, even though it referenced claims arising under the sections identified in Labor Code section 2699.5, because it did "not directly reference the statutes at issue" such that incorporation of the statutory provisions was one step removed from their incorporation in the arbitration provision).  The Court disagrees with *Bartlett's* reasoning.  In holding that a collective bargaining agreement's arbitration provision must directly reference the relevant statutes in order to amount to a "clear and express" waiver of a judicial forum, *Bartlett* relied on *Martinez v. J. Fletcher Creamer & Son, Inc.*, which found there was no clear waiver of plaintiff's right to litigate their Labor Code claims in court because the arbitration provision only referenced claims brought under Wage Order 16 and thus did not "expressly reference any of the statutory provisions at issue." No. CV 10-0968-PSG-FMOx, 2010 WL 3359372, at *5 (C.D. Cal. Aug. 13, 2010).  The court reasoned that the reference to Wage Order 16 was insufficient, even though Wage Order 16 incorporated some of the statutory provisions upon which plaintiff based his claims, because (1) the alleged incorporation of the statutory provisions in Wage Order 16 was one step removed from their alleged incorporation in the collective bargaining agreement, and (2) Wage Order 16 did not clearly incorporate the relevant statutory provisions as only Labor Code section 512 was explicitly referenced.  *Id.*  Here, by contrast, the grievance provision expressly references the Labor Code sections identified in section 2699.5, which clearly lists the sections at-issue.  This establishes a clear intent to subject those Labor Code sections to the grievance procedures in the CBA.  The Court therefore agrees with *Olea* that this constitutes a "clear and unmistakable" waiver.  2021 WL 1839683, at *5.

10

(2017), *Vasserman*, 65 F. Supp. 3d, and *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005).  However, these cases do not stand for the proposition that state courts would not have enforced the arbitration provision in the CBA.[2]  Rather, these cases concern whether or not the collective bargaining agreements at issue contained a "clear and unmistakable waiver of the covered employees' rights to a judicial forum relating to the statutory claims alleged in the complaint."  *Vasserman*, 8 Cal. App. 5th at 246 (internal quotations omitted); *see also Vasserman*, 65 F. Supp. 3d at 964 ("In order for a grievance and arbitration provision to implicate preemption, the union-negotiated waiver of employees' statutory right to a judicial forum must be clear and unmistakable.") (cleaned up) (quoting *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70, 80–81 (1998)).  This is, of course, the same standard that federal courts routinely employ, and nothing in these cases suggests a different outcome had Defendants removed the initial Complaint to this Court.

As stated above, to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(1), the facts supporting removal must be evident on the face of a complaint. *Harris*, 425 F.3d at 695.  For the reasons set forth above, the Court finds that Defendant's arguments demonstrate that removal should have been sought based on the Labor Code allegations included in Plaintiff's initial Complaint filed on April 21, 2023.  Therefore, Defendant's attempt to remove this action for the first time on September 8, 2023, over four months later, is untimely.  The Court will grant remand on this basis.  *See Fristoe*, 615 F.2d at 1212; *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (remand is proper if a defendant's notice of removal is untimely).

////

////

---

[2] While *Valles* explained that section 301 does not permit parties to a collective bargaining agreement to waive nonnegotiable state rights, it did not discuss any adversity to arbitration of those rights.  *See generally* 410 F.3d. at 1076.

11

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 3) is GRANTED.

The Clerk of Court is directed to remand the case to the Superior Court of the State of California, County of Solano and close this case.

IT IS SO ORDERED.

Dated:  **December 4, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – jaquez23cv1933.MotRemand